UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Patrick, #233697,<br><br>                Petitioner,<br>vs.<br><br>Warden, Perry Correctional Institution,<br><br>                Respondent. | Civil Action No.: 5:14-4367-BHH<br><br>**Opinion and Order** |

Petitioner, Tyrone Patrick, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge West recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 31.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging ineffective assistance of counsel. On January 27, 2016, the Magistrate Judge issued a Report. Petitioner filed his Objections on February 12, 2016 (ECF No. 34), and on February 16, 2016, Respondent filed his Objections (ECF No. 38). Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the

parties' objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge wrote an extraordinarily thorough seventy-page Report to address Respondent's motion for summary judgment. She exhaustively recounted the procedural history of the case before articulating the grounds raised in Petitioner's habeas petition. (ECF No. 31 at 1–24.) The Magistrate Judge then thoughtfully and

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

skillfully addressed Respondent's motion, finding that Petitioner's claims were not procedurally defaulted and analyzing the habeas claims on their merits. (*Id.* at 34–69.)

As noted above, both Petitioner and Respondent filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. The Court will address the objections in turn. Respondent objects that the Magistrate Judge erred in: (1) using Petitioner's Response to the motion for summary judgment to determine the grounds to be resolved, rather than his petition and attachment served on Respondent; (2) finding that Ground One and Grounds Four through Nine are not procedurally defaulted; and (3) failing to cite to the full findings by the post-conviction review ("PCR") judge when discussing the ruling. (ECF No. 38 at 1.)

The Magistrate Judge devoted four pages of the Report to outlining Petitioner's grounds for habeas relief, explaining in detail why she cited to the grounds raised in Petitioner's Response rather than the petition and attachment referenced by Respondent. (ECF No. 31 at 21–24.) She noted the excessive length of the petition and attachment—over 540 pages (ECF No. 8; 8-1; 8-1; 8-3; 8-4; 8-5; 8-6)—and Respondent's failure to provide any specific citations to the attachment. (ECF No. 22–23, n.10.) The Magistrate Judge then explained:

> Rather than expend excessive court resources to verify the accuracy of Respondent's list, in an effort to liberally construe Petitioner's pro se pleadings to the extent possible and out of an abundance of caution, the undersigned quotes verbatim, with only minor non-substantive changes, the ten Grounds for relief that Petitioner, himself, lists as being at issue in this case in the "Table of Contents" portion of his Response . . . .

3

(*Id.* at 22–23.) While Respondent now provides more specific citations in his objections (ECF No. 38 at 5), the Court finds it was entirely reasonable and proper for the Magistrate Judge to rely on Petitioner's Response given the information available to her at the time, the excessiveness of Petitioner's submissions, and the Court's limited resources. This objection is therefore overruled.

After outlining Petitioner's grounds for relief, the Magistrate Judge considered Respondent's argument that Ground One and Grounds Four through Nine are procedurally barred. (ECF No. 31 at 35–39.) She detailed Petitioner's tremendous efforts to present each of his grounds to the PCR court, noting that "Petitioner clearly expressed his concern over exhaustion of each claim and was assured that the issues raised in his PCR application were 'part of the record' of the PCR proceeding." (*Id.* at 38.) Recognizing that Petitioner's *pro se* submissions in state court were not authorized where he was represented by legal counsel, the Magistrate nevertheless found persuasive that these submissions "included the substance of his PCR issues and extensive factual and legal arguments relating to them." (*Id.*) She concluded that "Petitioner did as much as he possibly could as a *pro se* litigant to bring his claims of ineffective assistance of counsel and involuntary plea before the highest court with jurisdiction to decide them." (*Id.* at 36–38.) She also noted that although the PCR court did not specifically address each of the issues raised in the petition, it included a separate "catch-all paragraph" in the final judgment that collectively addressed "any and all allegations that were raised in the application or at the hearing," and found that none were meritorious. (*Id.* at 37; ECF No. 21-1 at 98.) For these reasons, the

Magistrate Judge found that "none of Petitioner's Grounds was procedurally defaulted in the PCR court as Respondent contends." (*Id.* at 38.)

Respondent's objections on this issue are unavailing. Contrary to Respondent's assertions, the Magistrate Judge did not find the grounds were preserved on appeal "simply because Petitioner noted in his PCR hearing that he wanted all issues raised and preserved." (ECF No. 38 at 3.) Rather, the Magistrate Judge provided a comprehensive analysis on this issue and, as summarized above, gave several thoughtful reasons for addressing the merits of Petitioner's Grounds. The Court agrees with the Magistrate's recommendation that Petitioner's claims are not procedurally defaulted and this objection is therefore overruled.

Finally, the Court recognizes that the Magistrate Judge did indeed make a scrivener's error in her citation to the PCR court's judgment—she failed to precisely quote a paragraph of one portion of the judgment:

> This Court finds the Applicant failed to meet his burden of proving he was coerced into pleading guilty. The Applicant told the plea judge that he understood his questions *and had given truthful answers.* (Plea transcript, p.14). *The Applicant told the plea judge* he was satisfied with plea counsel's representation and had understood their discussions. …

(ECF No. 21-1 at 96 (italicized part omitted from Report).) Accordingly, the Court grants Respondent's objection as to this harmless error (ECF No. 38 at 6) and amends the Report to reflect the PCR court's entire judgment, as stated above.

Turning now to Petitioner's objections, it is obvious that Petitioner misunderstands the Magistrate's analysis of his claims. For example, he repeatedly argues that the Magistrate Judge erred in finding that certain Grounds are procedurally

barred, a finding which the Magistrate Judge never made, as explained above. (ECF No. 34 at 9–10, 39, 47.) The Court has reviewed Petitioner's 150+ pages of objections and finds that, with little exception, they are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. (ECF No. 34; 34-1; 34-2.) Thus, with respect to Petitioner's objections specifically, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. However, to aid Petitioner's understanding of the Report and this subsequent Order, the Court will explain why the Magistrate Judge was correct in recommending that Petitioner's Grounds fail on the merits.

The Magistrate Judge first found that Ground One fails on the merits. (ECF No. 31 at 39–46.) Ground One alleges ineffective assistance of plea counsel for "failing to inform Petitioner of the full and correct information on mere presence and giving incomplete erroneous advice on record on what constituted guilt of the pending charges."[2] (ECF No. 26-3 at 2.) Here, the Magistrate Judge first summarized the applicable law on the entry of an *Alford* plea and the deference afforded to a PCR court's factual findings. (ECF No. 31 at 39–41.) She then thoughtfully and carefully addressed the merits of this claim, devoting six pages of the Report to her analysis. (*Id.* at 41–46.) She first noted that "it appears from his testimony at the PCR hearing and from his arguments in this court that Petitioner simply disagreed with plea counsel's

---

[2] For the reasons stated in the Report, the Court also cites to Petitioner's Grounds as stated in his Response to the motion for summary judgment. (*See* ECF Nos. 31 at 21–24; 26-3.)

6

analysis of how the facts of his case could support convictions through application of the constructive-possession doctrine had the case gone to the jury." (*Id.* at 42.) She further observed that the plea hearing transcript "shows that the trial court listened patiently and responded clearly to Petitioner's questions about 'mere presence.'" (*Id.* at 44.).

The Magistrate Judge also explained here, as she does for each of Petitioner's claims, that any claim Petitioner attempts to make for ineffective assistance of PCR counsel fails, because such claims are not cognizable in a habeas-corpus action under § 2254. (ECF No. 31 at 44 (citing 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Martinez v. Ryan*, 132 S. Ct. at 1318–19 (establishing an exception to the general rule of non-cognizability); *Taylor v. Warden at Allendale*, No. 2:13-cv-2213, 2014 WL 4721183, **4–5 (D.S.C. Sept. 22, 2014) ("freestanding" claims of ineffective assistance of PCR counsel or error by PCR court are not cognizable under § 2254 where the *Martinez v. Ryan* procedural-default exception is not implicated)).) The Court agrees with the Magistrate and finds that to the extent Petitioner alleges any claims for ineffective assistance of PCR counsel, such claims are not cognizable and therefore fail. Because none of Petitioner's claims are procedurally defaulted, the *Martinez* exception is inapplicable.

Petitioner's objections do not offer any compelling argument as to how the Magistrate Judge's analysis of Ground One was improper.

The Magistrate Judge next found that Grounds Two through Ten, which allege violations of due process due to ineffective assistance of counsel, fail on the merits. Specifically, Ground Two alleges that Petitioner "was not adequately advised on the mandatory minimum sentence had Petitioner decided to stand trial by court or counsel and [by] the judge participation influencing the plea through coercion and duress with counsel." (ECF No. 26-3 at 2.) Here, Petitioner's objections focus on the assertion that he should have been "notified of the mandatory minimum penalties pursuant to [Federal Rule of Criminal Procedure] 11(c)(1)." (ECF No. 34 at 19.) However, as correctly explained by the Magistrate Judge, "the plea court, as a state court in South Carolina, was not constitutionally obligated to conduct a plea colloquy that complied with the Federal Rules of Criminal Procedure." (ECF No. 31 at 48.) Further, there is no evidence that Petitioner "faced any 'mandatory minimum' sentence on any of the charges that were pending against him when he told the plea court that he *wanted* to enter an *Alford* plea." (*Id.*) As for Petitioner's allegations of coercion, the Court agrees with the Magistrate that "[t]he record [] clearly shows that Petitioner was given every opportunity to change his mind about entering the *Alford* plea and he denied that he had been coerced or forced to act in any manner concerning his plea." (*Id.* at 49.) Thus, there is no error here.

Likewise, there is no error with respect to Ground Three, which alleges that "counsel was ineffective for failing to subpoena witness with exonerating evidence, failing to corroborate the statement so that it could be admitted into evidence at trial, and failing to ask for a continuance until witness appeared or was found." (ECF No. 26-

3 at 2.) Here, the Magistrate Judge spent five pages summarizing the parties' arguments, outlining the applicable law, and explaining why she concluded that "Petitioner has failed to show that the PCR court's decision that plea counsel's pretrial investigation and efforts to use the Foster statement[3] in connection with a defense to the charges that were pending against Petitioner were unreasonable." (ECF No. 31 at 51–55.) Specifically, the Magistrate Judge found that contrary to Petitioner's assertions, the statement was not "absolutely exonerating," and the PCR court reasonably concluded that plea counsel made reasonable efforts to locate Ms. Foster before Petitioner's trial began. (*Id.* at 54.) Petitioner's objections do not reveal any error in the Magistrate's analysis of this claim and are therefore overruled.

Ground Four alleges that "counsel was ineffective by giving incorrect legal advice regarding the firearm charge and exerting pressure on Petitioner to plead the charge." (ECF No. 26-3 at 3.) Petitioner objects that the Magistrate Judge "made an objectively unreasonable determination of the facts that was contrary to clearly established federal law," citing *Strickland v. Washington*, 466 U.S. 886 (1984). (ECF No. 34 at 37.) However, the Court finds nothing unreasonable in the Magistrate's recommendation as to this claim. The Magistrate Judge first explained that Petitioner relied on irrelevant *federal* law to argue that plea counsel gave incorrect legal advice because Petitioner entered an *Alford* plea to a criminal charge based on a *state* firearm-possession statute. (ECF No. 31 at 56.) She then found that the record indicated "plea counsel reasonably advised and did not coerce Petitioner to enter the

---

[3] The Magistrate Judge describes "the Foster statement" in detail—it is a written statement from Stephany Foster, who was also arrested, stating that the drugs found in her home did not belong to Petitioner. (ECF No. 8–10.)

9

*Alford* plea." (ECF No. 31 at 56.) Although the Magistrate Judge did not explicitly mention the *Strickland* standard in her discussion of this particular claim, she thoroughly explained this standard at the beginning of the Report. (*Id.* at 28–29.) Her discussion of Ground Four indicates she found that petitioner could not establish the first prong of *Strickland*; specifically, that plea counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. 687. No explicit mention of *Strickland* was necessary here, and Petitioner's objection therefore fails.

Ground Five alleges that "counsel was ineffective for failing to challenge the unconstitutional prior conviction utilized to enhance Petitioner's sentence and informing Petitioner that if he testified or if he was found guilty the prior conviction would be used to push for the maximum sentence." (ECF No. 26-3 at 3.) Here, Petitioner is referring to his 1995 armed-robbery conviction. Other than arguing that this claim was not procedurally defaulted, Petitioner's objections merely rehash the same arguments that the Magistrate Judge expressly considered and rejected. (ECF No. 34-1 at 1–10.) Specifically, Petitioner argues at length that the 1995 conviction was unconstitutional because he was a juvenile improperly tried and convicted as an adult. (*Id.*) However, as explained by the Magistrate Judge, that conviction was not used to "enhance" the sentence Petitioner received as a result of the *Alford* plea, and further, Petitioner "waived any right he might have had to challenge any sentence that could have been enhanced by a prior conviction." (ECF No. 31 at 58–59.) Petitioner's objections are therefore overruled.

Ground Six alleges that "counsel was ineffective for failing to challenge the evidence that was used to support probable cause affidavit used to obtain the search warrant and failing to correct the State's *Brady* violations regarding evidence that Petitioner could have used to challenge the search warrant." (ECF No. 26-3 at 3–4.) Here, the Magistrate Judge explained that plea counsel did file a motion to suppress the evidence seized under the search warrant, but that it was denied by the plea court. (ECF No. 31 at 60.) She found that

> [o]ther than Petitioner's unsupported PCR testimony and extensive legal arguments based on general Fourth-Amendment-related cases, there is nothing in this record showing that Petitioner was not afforded a full and fair hearing on his suppression motion and, therefore, this court cannot offer habeas relief on his assertions that the search warrant was not supported by probable cause.

(*Id.*) Petitioner's objections on this claim span 47 pages, in which he continues to cite general Fourth Amendment cases and does not point to any specific errors by the Magistrate Judge. (ECF Nos. 34-1 at 15–54; 34-2 at 1–8.) The Court finds no error in the Magistrate's analysis of this claim. Petitioner's objections are therefore overruled.

Ground Seven alleges that Petitioner "was denied a fundamentally fair process throughout collateral proceedings due to ineffective assistance of counsel in direct appeal, PCR, and PCR appellate review because all counsel failed to raise the obvious and substantial claims raised in this Petition." (ECF No. 26-3 at 4.) The Magistrate Judge correctly found that the PCR court's ruling on this issue was reasonable, explaining that Petitioner "specifically waived any rights to contest previous trial-related evidentiary rulings by entering the *Alford* plea and none of those issues that he now

11

asserts were 'substantial' were preserved for review by contemporaneous objection at the plea hearings." (ECF No. 31 at 62.) She then properly concluded that "plea counsel was both ethically and procedurally obligated to truthfully inform the appellate court that there were no reviewable direct-appeal claims and he could not be found ineffective for doing so." (*Id.* at 62–63.) Petitioner's objections do not offer any compelling argument as to how the Magistrate Judge's analysis of this claim was improper and are therefore overruled.

Ground Eight alleges that Petitioner was denied counsel and a witness-confrontation process at the preliminary hearing. (ECF No. 26-3 at 4.) Here, the Magistrate Judge explained that this ground largely rehashes the same arguments proffered in Ground Two. (ECF No. 31 at 64–65.) She nevertheless discusses this claim, correctly finding that Petitioner had no Sixth Amendment right to assistance of counsel at his preliminary hearing because "the Sixth Amendment does not guarantee an accused the assistance of counsel at a probable cause hearing." (*Id.* at 65); *see Pearson v. Harrison*, 9 F. App'x 85, 87 (4th Cir. 2001) (noting that preliminary hearings in South Carolina "are limited to probable cause determinations" and finding the state was not required to provide petitioner an attorney at his preliminary hearing (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975); S.C. R. Crim. P. 2(a), (c))). Petitioner's objections do not offer any compelling argument as to how the Magistrate Judge's analysis of this claim was improper and are therefore overruled.

Ground Nine alleges that "counsel was [] ineffective for failing to file for a speedy trial." (ECF No. 26-3 at 5.) Here, Petitioner objects that "the Magistrate should have

determine[d] whether Petitioner was deprived of the right to a speedy trial." (ECF No. 34-2 at 27.) This objection is without merit as the Magistrate Judge thoughtfully considered this claim. She discussed the lack of evidence supporting this claim, noted that Petitioner waived "any arguable speedy-trial violation when he entered his plea," and correctly concluded that the PCR court's findings on this issue were reasonable. (ECF No. 31 at 66–67.) The Court agrees with the Magistrate's analysis and conclusions and finds no error here.

Finally, Ground Ten alleges that "counsel was ineffective for fail[ing] to investigate a new rule of law that has been made retroactive under the Constitution." (ECF No. 26-3 at 5.) The Magistrate Judge explained here that as with Ground Four, Petitioner relies on inapplicable federal law to challenge his state convictions or sentences. (ECF No. 31 at 67–68.) Specifically, Petitioner argues that the "Fair Sentencing Act" applied to his case and plea counsel was ineffective for failing to argue the Act's applicability to obtain a lower sentence. (ECF Nos. 26-2 at 34; 34-2 at 35–39) The Magistrate Judge, and this Court, could not find any South Carolina case applying the Fair Sentencing Act to South Carolina state sentences. (ECF No. 31 at 67–68.) Petitioner's objections provide no support to his claim, as he continues to rely on inapplicable federal law. (ECF No. 34-2 at 35–41.) Accordingly, Petitioner's objections are overruled.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that both Respondent's and Petitioner's objections are without merit.

Accordingly, for the reasons stated above and by the Magistrate Judge, the Court adopts the Report and Recommendation and incorporates it herein by specific reference to the extent consistent. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 20) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 4, 2016

Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.